AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

United States of America
v.
JENNIFER A. JOSEPH-JAMES

Defendant

)
)
)
)
)
)
)

Case No. 8:26-CR-197-MSS-SPF

## ARREST WARRANT

SEALED

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     JENNIFER A. JOSEPH-JAMES                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment        ☐ Superseding Indictment        ☐ Information        ☐ Superseding Information        ☐ Complaint

☐ Probation Violation Petition        ☐ Supervised Release Violation Petition        ☐ Violation Notice        ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1343
Monetary Transactions in Criminally Derived Property, in violation of 18 U.S.C. §§ 1957 and 2.

Date: 6/4/26

*Issuing officer's signature*
EMMANUEL PHILANTROPE

City and state:     Tampa, FL

MEGAN A. MANN, Clerk, United States District Court
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____    *Arresting officer's signature* |
|    *Printed name and title* |

JUN 2 2026 PM 4:25
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:26· CR-197-MSS-SPF

JENNIFER A. JOSEPH-JAMES
and
█████████████████

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1957

**INDICTMENT**  **SEALED**

The Grand Jury charges:

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

#### A.   Introduction

At times relevant to this Indictment:

1.   JENNIFER JOSEPH-JAMES, was a resident of the Middle District of Florida, and the owner of Transitions & Connectors d/b/a Interchangeablez ("TRANSITIONS"), which was a purported manufacturing business.

2.   JOSEPH-JAMES, through TRANSITIONS, submitted applications to obtain federal Paycheck Protection Program ("PPP") loans and an Economic Injury Disaster Loan ("EIDL") to which JOSEPH-JAMES and TRANSITIONS were not entitled and that included materially false and fraudulent representations and documentation.

3.      ███████████████, was a resident of the Middle District of Florida, and, along with JOSEPH-JAMES, was the owner of Glow1ng LLC ("GLOW1NG"), which was a purported manufacturing business.

4.      ███████ and JOSEPH-JAMES, through GLOW1NG, submitted applications to obtain federal EIDL and PPP loans to which JOSEPH-JAMES, ███████ and GLOW1NG were not entitled and that included materially false and fraudulent representations and documentations.

**The Small Business Administration**

5.      The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses.

6.      In or around March 2020, the President declared the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic of sufficient severity and magnitude to warrant an emergency declaration for all states, tribes, territories, and the District of Columbia pursuant to section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121-5207. The President also signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and the Families First Coronavirus Response Act.

7.      The SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees. In addition to traditional SBA funding programs, The CARES Act, established several new temporary programs and provided for the expansion of others to address the

2

COVID-19 outbreak, which was declared a nationwide disaster by the President on March 13, 2020.

**Paycheck Protection Program**

8.      One of the new loan programs was the SBA PPP, which was a loan designed, in part, to provide a direct incentive for small businesses to keep their workers on the payroll. Under this program, the SBA could forgive all or part of the borrowing businesses' loans provided that employees were kept on the payroll for eight weeks and borrowers submitted documentation confirming that the loan proceeds were used for certain qualifying business expenses (i.e., payroll, rent, mortgage interest, or utilities).

9.      Interested applicants applied through an existing SBA lender or any other participating federally-insured financial institution. The PPP application process required applicants to submit a Borrower Application Form through an SBA-approved financial entity. The application contained information as to the purpose of the loan, average monthly payroll, number of employees, and background of the business and its owner. Applicants were also required to make certain good faith certifications, including that economic uncertainties had necessitated their loan requests for continued business operations, and that they intended to use loan proceeds only for the authorized purposes.

**Economic Injury Disaster Relief Program**

10.      One government response to the COVID-19 outbreak was an expansion of an existing disaster-related program—the EIDL—to provide for loan

3

assistance (including $10,000 advances) for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds could be used to pay certain qualifying expenses (i.e., fixed debts, payroll, accounts payable, and other bills) that could have been paid had the disaster not occurred.

11. EIDL funds were issued directly from the United States Treasury, and applicants applied through the SBA via an online portal and application. The EIDL application process collected information concerning the business and the business owner. Applicants electronically certified that the information provided was accurate and were warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

12. To obtain an EIDL and advance, a qualifying business had to submit an application to the SBA and provide information about its operation, such as the number of employes, gross revenue for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period was that preceding January 31, 2020. Applicants electronically certified that the information provided was accurate and were warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds may result in sanction, including criminal penalties. Applicants also completed loan agreements with the SBA.

4

**Financial Institutions**

13.    Financial Institution #1 and Financial Institution #2 were financial institutions that had computer servers used for processing financial transactions located outside the State of Florida.

**PPP Lenders**

14.    Lender #1 and Lender #2 participated in the SBA's PPP as lenders, and as such, were authorized to lend funds to eligible borrowers under the terms of the PPP.

### B.    The Conspiracy

15.    Beginning in or around June 2020, and continuing through at least in or around December 2020, in the Middle District of Florida and elsewhere, the defendants,

JENNIFER A. JOSEPH-JAMES and

█████████████

did knowingly and voluntarily combine, conspire, confederate, and agree with each other, and other persons, both known and unknown to the Grand Jury, to commit wire fraud, in violation of 18 U.S.C. § 1343.

### C.    Manner and Means of the Conspiracy

16.    The manner and means by which the conspirators sought to accomplish the object of the conspiracy included, among others, the following:

a.    It was part of the conspiracy that the conspirators would and did prepare and submit, and cause to be prepared and submitted, materially false and

5

fraudulent applications to federal government programs tailored to provide benefits and relief to businesses and workers negatively impacted by the COVID-19 pandemic, including the SBA PPP and EIDL programs.

    b.    It was further a part of the conspiracy that, in order to induce the SBA and lenders to fund the PPP loans and EIDLs, the conspirators would and did prepare and submit, and cause to be prepared and submitted, false and fraudulent applications to the SBA and lenders that included multiple materially false and fraudulent representations and pretenses, including:

        i.    stating an inflated number of employees;

        ii.    stating an inflated average monthly payroll and gross revenues;

        iii.    representing and certifying that loan proceeds would be used for business-related purposes; and

        iv.    fraudulently affirming the truth of statements in the applications.

    c.    It was further a part of the conspiracy that the conspirators would and did submit, and cause to be submitted, false and fraudulent documentation in support of said applications, including Department of Treasury – Internal Revenue Service 2019 Form 940, Employer's Annual Federal Unemployment ("FUTA") Tax Return, 2019 Form 941, Employer's Quarterly Federal Tax Return, and 2020 Form 941, Employer's Quarterly Federal Tax Return.

6

d. It was further a part of the conspiracy that the conspirators would and did cause the SBA and lenders to approve the PPP and EIDL applications and cause to be transmitted PPP and EIDL proceeds via interstate wire transfers to accounts they controlled.

e. It was further a part of the conspiracy that the conspirators would and did use the PPP and EIDL funds, and cause the PPP and EIDL funds to be used, for unauthorized purposes and for their own personal enrichment and the enrichment of others.

f. It was a further part of the conspiracy that the conspirators would and did perform acts and make statements to promote and achieve the scheme and artifice and to misrepresent, hide, and conceal the scheme and artifice and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH FIVE
### (Wire Fraud)

### A. Introduction

1. The Grand Jury realleges and incorporates Part A of Count One of this Indictment as if fully set forth herein.

### B. The Scheme and Artifice

2. Beginning in or around June 2020, and continuing through at least in or around August 2020, in the Middle District of Florida and elsewhere, the defendants,

JENNIFER A. JOSEPH-JAMES and

███████████

7

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises about a material fact.

## C. Manner and Means of the Scheme and Artifice

3.      The manner and means of the scheme and artifice are set forth in Part C (Manner and Means of the Conspiracy) of Count One of this Indictment, the allegations of which are realleged and incorporated by reference as if fully set forth herein.

## D. Execution of the Scheme and Artifice

4.      On or about the date set forth below in each count, in the Middle District of Florida and elsewhere, the defendants, for the purpose of executing the aforesaid scheme and artifice, knowingly and intentionally transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count:

| COUNT | DATE OF WIRE | Defendant(s) | DESCRIPTION OF WIRE |
|---|---|---|---|
| TWO | June 3, 2020 | JENNIFER A. JOSEPH-JAMES | An interstate wire transfer in the amount of $550,657 in PPP funds, sent from outside of Florida to a Financial Institution #1 account ending in 1949 within the Middle District of Florida |

8

| COUNT | DATE OF WIRE | Defendant(s) | DESCRIPTION OF WIRE |
|---|---|---|---|
| **THREE** | June 24, 2020 | JENNIFER A. JOSEPH-JAMES and ▮▮▮▮▮▮▮ | An interstate wire transfer in the amount of $400,000 in PPP funds, sent from outside of Florida to a Financial Institution #2 account ending in 0616 within the Middle District of Florida |
| **FOUR** | August 4, 2020 | JENNIFER A. JOSEPH-JAMES | An interstate wire transfer in the amount of $149,900 in EIDL funds, sent from outside of Florida to a Financial Institution #1 account ending in 1949 within the Middle District of Florida |
| **FIVE** | August 4, 2020 | JENNIFER A. JOSEPH-JAMES and ▮▮▮▮▮▮▮ | An interstate wire transfer in the amount of $149,900 in EIDL funds, sent from outside of Florida to a Financial Institution #2 account ending in 0616 within the Middle District of Florida |

All in violation of 18 U.S.C. § 1343.

## COUNTS SIX THROUGH TEN
### (Monetary Transactions in Criminally Derived Property)

#### A.   Introduction

1.   The Grand Jury realleges and incorporates Part A of Count One of this Indictment as if fully set forth herein.

9

## B.    The Charge

2.    On or about the dates set forth below, in the Middle District of Florida and elsewhere, the defendants,

JENNIFER A. JOSEPH-JAMES and

████████████

as specified below in each count aided and abetted by others, did knowingly engage and attempt to engage in a monetary transaction that affected interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, within the United States, that is wire fraud, in violation of 18 U.S.C. § 1343, as detailed below:

| COUNT | DATE | Defendant | AMOUNT | TRANSACTION |
|-------|------|-----------|--------|-------------|
| SIX | June 8, 2020 | JENNIFER A. JOSEPH-JAMES | $82,509.00 | Check number 103 from Financial Institution #1 account ending in 1949, deposited into Financial Institution #1 account in the name of Business #1 |
| SEVEN | July 14, 2020 | JENNIFER A. JOSEPH-JAMES | $24,870.97 | Check number 105 from Financial Institution #1 account ending in 1949, deposited into Financial Institution #3 account associated with the purchase of a motor vehicle |

| COUNT | DATE | Defendant | AMOUNT | TRANSACTION |
|---|---|---|---|---|
| EIGHT | July 20, 2020 | ▓▓▓▓ | $26,691.36 | An ACH transfer from Financial Institution #2 account ending in 0616 deposited into a Business #2 payroll account |
| NINE | October 29, 2020 | JENNIFER A. JOSEPH-JAMES | $23,297.79 | An ACH transfer from Financial Institution #1 account ending in 1949 deposited into a Business #2 payroll account |
| TEN | December 22, 2020 | ▓▓▓▓ | $10,372.38 | An ACH transfer from Financial Institution #2 account ending in 0616 deposited into a Business #2 payroll account |

In violation of 18 U.S.C. §§ 1957 and 2.

## FORFEITURE

1.      The allegations contained in Counts One through Ten are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. §§ 1343 and/or 1349, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      Upon conviction of an offense in violation of 18 U.S.C. § 1957, the

11

defendants shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in the offense and any property traceable to such property.

4.      The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of approximately $1,250,457, which represents the proceeds the defendants obtained from the offenses.

5.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

12

the United States shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
Merrilyn E. Hoenemeyer
Assistant United States Attorney

By: _____
Gregory D. Pizzo
Assistant United States Attorney
Chief, Economic Crimes Section

13

No.

Case 1:26-mj-03100-LFL  Document 1  Entered on FLSD Docket 06/22/2026  Page 15 of 17

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

### JENNIFER A. JOSEPH-JAMES
and

████████████

## INDICTMENT

Violations: 18 U.S.C. § 1349, 1343, 1957

A true bill,

_____
Foreperson

Filed in open court this 2nd day

of June, 2026

*C. Reaves*
Clerk

Bail $_____

...GPO 863 525

AO 257 (Rev. 6/78)                                                                              PER 18 U.S.C. 3170

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING ☑ SEALED

**OFFENSE CHARGED**

Conspiracy to Commit Wire Fraud, Monetary Transactions in Criminally Derived Property

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

Place of Offense          U.S.C. Citation

Hillsborough          18 U.S.C. § 1349, 1343, 1957

**············ PROCEEDING ············**
Name of Complainant Agency, or Person (& Title, if any)

IRS, SA LORMISTOIS, DJEMSON, (727) 483-2254

☐ person is awaiting trial in another Federal or State Court, give name of court:

☐ this person/proceeding is transferred from another district per FRCrP ☐ 20 ☐ 21 or ☐ 40. Show District:

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
          DOCKET NO.
          ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s)          MAGISTRATE CASE NO.
before U.S. Magistrate regarding
this defendant were recorded under ▸

Name and Office of Person
Furnishing information on This Form
Gregory W. Kehoe    ☑ U.S.Atty          ☐ Other U.S. Agency

Name of Asst. U.S. Atty.:    **Merrilyn Hoenemeyer**

          **813-274-6000**

Name of District Court, and/or Judge/Magistrate Location (City)
MIDDLE DISTRICT OF FLORIDA
          TAMPA          , FLORIDA

Defendant - U.S. vs.          Jennifer A. Joseph-James et al.

a/k/a (if applicable)

If multi-defendant case, Lead Defendant:  Jennifer A. Joseph-James

Address 8534 White Poplar Dr., Riverview, FL 33578

Birth Date          9/1/1971          (Optional unless a juvenile)

☐ Male  ☑ Female  ☐ Alien, Citizenship:

SSN: 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   FBI No.          Cédula No.

SEALED

**············ DEFENDANT ············**

**IS *NOT* IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding
If not detained give date any prior summons }
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges ☐ Fed'l ☐ State
If answer to (6) is "Yes", show name of institution:
Booking No.

Has detainer    ☐ Yes } If "Yes"
been filed?      ☐ No  } give date filed:

DATE OF
ARREST ▸

Or... if arresting Agency & Warrant were not Federal

DATE TRANSFERRED
TO U.S. CUSTODY ▸

☐ This report amends AO 257 previously submitted

| ADDITIONAL INFORMATION OR COMMENTS |
|---|

METHOD OF SERVICE:          RECOMMENDED BOND:          COURTROOM REQUIREMENTS:    Will there be a defendant or witness in custody?

**Warrant**          **Detention**          **Small**          ☐ Yes  ☐ No

| Statutes: | Counts: | Penalty Provisions: | Maximum Penalty: |
|---|---|---|---|
| 18 U.S.C. § 1349 | One | 18 U.S.C. § 1349 | ⊞ 30 years Imprisonment, 5 years SR, $1,000,000 Fine |
| 18 U.S.C. § 1343 | Two - Five | 18 U.S.C. § 1343 | 30 years Imprisonment, 5 years SR, $1,000,000 Fine |
| 18 U.S.C. § 1957 | Six, Seven, Nine | 18 U.S.C. § 1957 | 10 years Imprisonment, 3 years SR, $250,000 Fine |

Related Cases:

Def. Counsel:

OCDETF Case:    ☐ Yes  ☑ No

Gang Member:    ☐ Yes  ☑ No    If Yes, gang affiliation:

☐ (AP) Appointed
☐ (FD) Federal Public Defender
☐ (PS) Pro Se
☐ (RE) Retained
☑ (TB) To be Appointed
Start Date:

Rev. 04/05/2023

**UNITED STATES ATTORNEY'S OFFICE**
**MIDDLE DISTRICT OF FLORIDA**
**CRIMINAL INDICTMENT/INFORMATION FORM**
*(Complete separate forms for each defendant)*

☑ SEALED

Office:     TAMPA

USAO No. ___2023R01159___     Case No. _____

U.S. v.     Jennifer A. Joseph-James  et al.     Name of defendant ___Jennifer A. Joseph-James___

AUSA     Merrilyn Hoenemeyer     a/k/a (if applicable)_____

Legal Assist. ___Komlan Anyinefa___     Entered in CaseView:_____     Date:_____

**DEFENDANT INFORMATION:**

Tribe:                    Estimated Loss:  Actual/Intended/Attempted:  $

Citizenship Status:          Country of Citizenship:          Defendant's Status:

Has defendant committed an offense which involves or implicates or was discovered as a result of the National Instant Check System (Brady)? ◯ Yes ⦿ No

**DEFENDANT'S INFORMATION FOR HEALTH CARE FRAUD CASES ONLY:**

National Provider Identifier (used by HCFA):

Occupation Code:                    Description if Code is 899:

Employer Type Code:                    Description if Code is 999:

Employer Name:

Employer Address:

**CASE INFORMATION:**          **Mandatory:  If "036" - must enter job title in Defendant Information**

LEAD CHARGE   18   USC §   1349     PROGRAM CATEGORY:   03Z   Primary          Secondary

Is this a HIDTA Case?   ◯ Yes  ⦿ No

Is this an OCDETF Case?  ◯ Yes  ⦿ No     FCFLM No.: _____   (Submit OCDETF Forms to Lead Task Force Attorney)

Note:     If this case is designated "OCDETF," CaseView should reflect a program category "047".
          (If it does not, inform Docketing so it can be changed.  Make sure to indicate FCFLM No. assigned to this case).

**CONTROLLED SUBSTANCES**: (Enter Actual Quantity Seized)(List More Than One, If Applicable) (If none, enter "0" to indicate type of drug involved.)

| Drug Type | Actual Quantity Seized | Measurement |
|-----------|------------------------|-------------|
|           |                        |             |
|           |                        |             |
|           |                        |             |

Grand Jury No. TPA-2025-3-GJ-MSS-CPT     Is there a person who suffered direct physical, emotional or

Case Weight     1-9 days     pecuniary harm as a result of the offense?   ⦿ Yes     ◯ No

Victim Federal Program Agency:  (Federal Agency Suffering the Loss):

**RELATED MATTER/CASE INFORMATION:**

| USAO ID NO. | DEFENDANT'S NAME | CASE NO. | REASON |
|-------------|------------------|----------|--------|
|             |                  |          |        |
|             |                  |          |        |

Asset Forfeiture Provisions?  ⦿ Yes  ◯ No          Firearm Charge:          USC

Project Safe Neighborhood/Triggerlock Case: ◯ Yes  ⦿ No     If yes, submit prosecution package through chain of command for approval.

Does this require U.S. Attorney approval?  ◯ Yes  ⦿ No     Minimum Sentence Charged?  ◯ Yes  ◯ No

**NOTE:   In multi-defendant cases, defendants who will not be charged should be closed at this time.  Attach the appropriate paperwork.**

Rev. 04/05/2025